MILLER v. MILLER et.

Ohio Appeals, 5th Dist., Knox Co.

No. 252.   Decided Nov. 22, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

639.   INJUNCTION.

1. Equity will not grant injunctive relief unless right of plaintiff is clear and evidence satisfactory.

2. Injunction to prevent defendant from hauling timber from premises, will not be granted where evidence shows that such timber is of little, if any, value.

Appeal from Common Pleas.

Judgment for defendant.

FULL TEXT

BY THE COURT.

The cause here is one in equity and comes into this court from the Common Pleas Court of Knox county on appeal.

The cause was submitted to this court upon the petition, answer and evidence.

The relief sought is injunctive in its nature and seeks to enjoin the defendants and each of them from cutting certain timber and committing waste in and to certain real estate described in the petition and from disposing of or hauling certain timber from said premises. The final prayer of the petition is that defendants be perpetually enjoined from doing each and all of the things hereinbefore enumerated.

We have read the evidence as contained in the transcript filed in this court, being the same evidence submitted in the Common Pleas Court. The answer of the defendants is in the nature of a general denial to all of the material allegations set forth in the petition and they pray that the petition of plaintiff be dismissed and that they may go hence without day. The defendants for a further defense affirmatively aver that whatever timber was cut and removed from said premises and whatever they and each of them have done in and on said premises they were authorized and empowered and in law had a clear right to do it.

The evidence offered upon the material points involved in this case is not very conflicting. The value of the timber cut is small and if the testimony is to be relied upon was of a beneficial character and nature to the growing timber remaining on said premises. Most if not all of the timber cut and attempted to be removed by the defendants was what is known and termed "dead timber" and as at least one witness testified, was of very little, if any, value. Another witness testified that most of the timber cut could not be removed because it would cost more to remove it from the premises than the timber would bring in the market.

It is well known that a court of equity will not grant injunctive relief unless the right of the plaintiff is clear and the evidence satisfactory.

As we view this case, under the facts and the law we are bound to reach but one conclusion and that is that there is a failure of proof on the part of plaintiff to establish the material allegations in his petition as the law requires. It, therefore, follows that a judgment should be entered for the defendants which is now done.

Judgment for defendants and petition of plaintiff dismissed.

(Houck, J., Shields, J. and Lemert, J., concur.)